Filed 5/2/14  Squires v. City of Eureka CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| FLOYD SQUIRES et al.,<br><br>      Plaintiffs and Appellants,<br><br>v.<br><br>CITY OF EUREKA et al.,<br><br>      Defendants and Respondents. | A139849<br><br>(Humboldt County<br>Super. Ct. No. DR100894) |

Respondent City of Eureka moves to dismiss the appeal of appellants Floyd and Betty Squires.  For the reasons set forth below, we deny the City's motion.  On our own motion, we order:  (1) appeal nos. A138768 and A139849 consolidated for purposes of argument and decision; and (2) respondents' brief and appellants' reply brief filed in A138768 applicable to A139849.  Thus, no further briefing in either appeal is required.

**BACKGROUND**

On October 14, 2010, the Squires filed a complaint against the City of Eureka and certain individual city employees (collectively, the City).

On November 17, 2010, the City filed a special motion to strike the Squires's complaint pursuant to Code of Civil Procedure section 425.16.

On April 2, 2013, the trial court granted the City's motion.

On May 23, 2013, the Squires appealed from the ruling granting the City's SLAPP motion.  (*Squires v. City of Eureka*, A138768 (first appeal).)

On July 29, 2013, the trial court granted the City's motion for attorney's fees.

1

On August 29, 2013, the trial court entered judgment dismissing the underlying lawsuit and awarding attorney's fees.

On September 24, 2013, the Squires appealed from the fee order and judgment. (A139849 (second appeal).)

The first appeal was fully briefed as of March 12, 2014. On February 26, 2014, the Squires filed their opening brief in the second appeal. The City's respondent's brief has not yet been filed.

## DISCUSSION

The City moves to dismiss the second appeal on the following two grounds: (1) the Squires's opening brief "*fails entirely* to brief their appeal from the July 29, 2013 trial court order awarding [the City] attorney's fees," and the appeal has thus been abandoned; and (2) the Squires's opening brief in the second appeal is virtually identical to their opening brief in the first appeal, suggesting that the second appeal challenges no new issues and serves only to delay resolution of the first appeal.

In opposition, the Squires argue that they filed the second appeal in an abundance of caution and out of fear that the April 2 order would be deemed nonappealable and their first appeal dismissed.

The Squires also dispute that they abandoned their appeal from the order granting attorney's fees or that they filed the second appeal for purposes of delay. As they explain it, "[Appellants] chose not to argue the merits as to the amount of attorney's fees because their appeal does not concern the amount of attorney's fees granted. Instead, [appellants] are attacking the attorney's fee award by attacking the trial court's decision to strike the remaining causes of action and enter final judgment on the underlying case. If [appellants] prevail on their two appeals, then the remaining causes of action will remain and the lawsuit will continue on. The trial court's award of attorney's fees is wholly contingent on respondents prevailing on the merits of the two appeals (Code Civ. Proc., § 425.16(c).) Therefore, if respondents lose the appeal, they will not have prevailed on their special motion to strike and would not be entitled to their mandatory attorney's fees."

2

The City concedes that the Squires's appeal from the April 2, 2013 order granting the City's SLAPP motion was timely.  The Squires admit that the second appeal challenges only the City's entitlement to attorney's fees (not the amount of fees), which in turn hinges on the issues raised in the first appeal.  In other words, disposition of the first appeal will also dispose of the second appeal.

In light of the foregoing, we deny the City's motion to dismiss the second appeal.  The City's request for judicial notice is granted.  We order the two appeals consolidated for purposes of argument and decision.  No further briefing is required.

_____
Richman, J.

We concur:

_____
Kline, P.J.

_____
Brick, J.[*]

---

[*] Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.